64 F.3d 661
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gloria NWOSU, a/k/a Gloria Laurence, Defendant-Appellant.
 No. 93-5967.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 27, 1995.
Decided Aug. 17, 1995.
 
 Alan Fischler, Bethesda, MD, for appellant.
 Robert Eugene Sims, Christine Manuelian, Office of the United States Attorney, Baltimore, MD, for appellee.
 Before HAMILTON and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Gloria Nwosu appeals from a sentence of ninety-seven months imposed after she pleaded guilty to fifteen counts related to a heroin distribution conspiracy and the making of false statements to the Immigration and Naturalization Service. Her attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising three issues but stating that in his view there are no meritorious issues for appeal. Although notified of her right to do so, Nwosu has not filed a pro se supplemental brief. We find no error.
 
 
 2
 Nwosu contends that the district court erred in attributing 8.9 kilograms of heroin to her for purposes of determining her base offense level of thirty-four. Nwosu claims that the actual amount was 7.55 kilograms. We reject this argument because, as the district court correctly determined, Nwosu's base offense level remains unchanged so long as the amount of heroin fell between three and ten kilograms. United States Sentencing Commission, Guidelines Manual, Sec. 2D1.1(c)(5) (Nov.1992).
 
 
 3
 Nwosu next contends that the district court erred in failing to accord her a further unspecified downward departure for her personal characteristics and in failing to further depart downward for her timely acceptance of responsibility under USSG Sec. 3E1.1(b) (Nov.1992). We reject these arguments because claims of dissatisfaction with the extent of a court's downward departures are not reviewable on appeal unless the district court was unaware of its authority to depart. United States v. Jones, 18 F.3d 1145, 1148-49 (4th Cir.1994). The district court was clearly aware of its authority to further depart in this case, it merely refused to exercise that authority.
 
 
 4
 Nwosu argues that her counsel at sentencing was ineffective because he was not fully apprised of all relevant facts. This court will not consider a claim of ineffective assistance of counsel raised on direct appeal unless the record conclusively demonstrates ineffectiveness. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir.1991), cert. denied, 503 U.S. 997 (1992). The record does not so demonstrate here.
 
 
 5
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no other meritorious issues for appeal. Accordingly, we affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.
 
 
 7
 AFFIRMED IN PART; DISMISSED IN PART.